**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ERIC A. HANSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-486-M |
| | ) | |
| MAJOR GENERAL HARRY M. | ) | |
| WYATT, III, in his official capacity | ) | |
| as the Adjutant General, State of | ) | |
| Oklahoma, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Dismiss Complaint as Non-Justiciable, filed November 29, 2005.  On December 19, 2005, plaintiff filed his response.  Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

Plaintiff Eric A. Hanson ("Hanson") joined the Oklahoma Army National Guard in 1980, and while serving in the Oklahoma Army National Guard, he rose to the level of Colonel.  National Guard Regulation ("NGR") 635-102 "prescribes policies and procedures for establishing and conducting selection boards used in the ARNG program for selective retention of officers and warrant officers beyond 20 years of qualifying service for retired pay."  NGR 635-102 at ¶ 1 (Purpose).

In April, 2003, Hanson was appointed to serve as a voting member of one of the selective retention boards.  On April 16, 2003, Hanson was issued notice from a different selective retention board that he was not being retained.  On or about August 9, 2004, Hanson submitted an Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552 to the

Army Board for Correction of Military Records ("ABCMR").  On April 8, 2005, the ABCMR issued

its decision denying relief to Hanson.

On May 2, 2005, Hanson filed the instant action alleging that defendant failed to comply

with NGR 635-102 when Hanson was considered by a selective retention board while he was

serving as a voting member of another selective retention board[1] and seeking a declaratory judgment

and an injunction.  Defendant now moves this Court to dismiss Hanson's Complaint as non-

justiciable.

II.     Discussion

"[T]he role of the federal judiciary with respect to the internal affairs of the military is

narrow and restricted."  *Lindenau v. Alexander*, 663 F.2d 68, 71 (10th Cir. 1981) (internal quotations

and citation omitted).  However, courts may review military actions to determine whether military

officials have acted within the scope of their powers and may entertain actions against military

officials for violating their own regulations.  *Id.*; *Clark v. Widnall*, 51 F.3d 917, 921 (10th Cir. 1995).

The Tenth Circuit has adopted the two-part test of *Mindes v. Seaman*, 453 F.2d 197, 201-02 (5th Cir.

1971), for determining reviewability of military action.  *Clark*, 51 F.3d at 921; *Lindenau*, 663 F.2d

at 71.

> *Mindes v. Seaman* requires a court contemplating review of an
> internal military determination first to determine whether the case
> involves an alleged violation of a constitutional right, applicable

---

[1]NGR 635-102 provides, in pertinent part: "This regulation does not apply to the following:
. . . (3) Voting members of current selective retention boards. . . ."  NGR 635-102(b)(3)
(Applicability).  Hanson contends that pursuant to the above quoted provision, he was not eligible
to be considered by a selective retention board.  Defendant disagrees with Hanson's interpretation
of NGR 635-102.  In deciding the motion to dismiss, the Court makes no finding regarding the
merits of Hanson's contention.  The merits of Hanson's claims will be addressed by the Court in its
ruling on Hanson's motion for summary judgment.

statute, or regulation, and whether intra-service remedies have been exhausted. If so, the court is then to weigh the nature and strength of the challenge to the military determination, the potential injury to the plaintiff if review is refused, the type and degree of anticipated interference with the military function, and the extent to which military discretion or expertise is involved in the challenged decision.

*Lindenau*, 663 F.2d at 71 (internal quotations and citation omitted). "The last two factors, the type of interference and the military experience and discretion involved, present a single inquiry, focusing on disruption of military functions and distortion of factors such as troop morale which are important to the operation of the military." *Id.* at 74 (internal quotations and citation omitted). The plaintiff bears the burden of demonstrating military officials have acted in a manner that would justify interference by a civilian court. *Clark*, 51 F.3d at 921.

In the case at bar, the Court finds that Hanson has clearly met the first part of the *Mindes* test. In his Complaint, Hanson alleges that defendant violated NGR 635-102. *See* Complaint at ¶ 8. Additionally, Hanson alleges that he exhausted his intra-service administrative remedies. *See* Complaint at ¶ 12.[2] Thus, the Court must now weigh the four factors set forth in *Mindes* to determine whether this action is justiciable.

Upon review of the parties' submissions and the court file, the Court finds that Hanson's challenge to defendant's determination that Hanson was eligible to be considered by the selective retention board is strong. The Court finds that Hanson's interpretation of NGR 635-102 is not "forced" as defendant asserts and is not clearly without merit. Further, the Court finds that Hanson is not challenging the non-retention decision itself, which would clearly be a discretionary personnel decision, but is challenging defendant's determination that Hanson is not exempt from consideration

---

[2]In his motion to dismiss, defendant does not challenge Hanson's allegation that he has exhausted his intra-service administrative remedies.

3

under NGR 635-102, which involves the interpretation of the regulation and does not involve any discretion on the part of the military.

Second, the Court finds that the potential injury to Hanson is great if review is declined. The Tenth Circuit has acknowledged that participation in the National Guard is a privilege subject to protection. *Nelson v. Geringer*, 295 F.3d 1082, 1090 n.8 (10th Cir. 2002). Third, the Court finds that the type and degree of anticipated interference with the military function is minimal because this action simply seeks compliance with the military's own regulation and does not challenge the retention (personnel) decision itself. Finally, as set forth above, the Court finds there was no discretion and limited expertise involved in the challenged decision. Specifically, the Court finds that its reviewing the challenged decision would only minimally disrupt military functions and minimally distort factors which are important to the operation of the military.

Therefore, weighing the above factors, the Court finds that the instant action is justiciable.

III.    Conclusion

Accordingly, for the above reasons, the Court DENIES defendant's Motion to Dismiss Complaint as Non-Justiciable [docket no. 29].

**IT IS SO ORDERED this 10th day of February, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE