IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC A. HANSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-05-486-M |
| | ) |
| MAJOR GENERAL HARRY M. WYATT, III, in his official capacity as the Adjutant General, State of Oklahoma, | ) ) ) ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is plaintiff's Motion for Summary Judgment, filed January 3, 2006. On January 20, 2006, defendant filed his response. On February 21, 2006, plaintiff filed a Notice to Court and Amendment of Pending Motion for Summary Judgment, and on March 3, 2006, plaintiff filed his reply to defendant's response. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Plaintiff Eric A. Hanson ("Hanson") began his service in the Oklahoma Army National Guard in March, 1972 and became an officer on or about May 2, 1980. At the time of the events at issue, Hanson was serving as a Colonel.

On or about March 28, 2003, Hanson was appointed to serve as a voting member of the selective retention board concerning Oklahoma Army National Guard members in the rank of Lieutenant Colonel and below ("Lieutenant Colonel Board").[1] At the same time as Hanson was

---

[1] National Guard Regulation ("NGR") 635-102 "prescribes policies and procedures for establishing and conducting selection boards used in the ARNG program for selective retention of officers and warrant officers beyond 20 years of qualifying service for retired pay." NGR 635-

serving as a voting member on the Lieutenant Colonel Board, his retention was being considered by the selective retention board concerning Oklahoma Army National Guard members in the rank of Colonel ("Colonel Board"). On April 16, 2003, Hanson was issued notice that he was not being retained. As a result of Hanson's non-selection for retention, his state appointment in the Oklahoma Army National Guard was withdrawn, his federal recognition was withdrawn, and he was transferred to the United States Army Reserve Control Group.

On May 2, 2005, Hanson filed the instant action alleging that defendant failed to comply with NGR 635-102 when the Colonel Board considered Hanson for non-retention while he was serving as a voting member of the Lieutenant Colonel Board. Plaintiff now moves for summary judgment.

II.   Discussion

NGR 635-102 provides, in pertinent part:

Applicability

a. This regulation applies to **all** ARNG commissioned officers and warrant officers who are not in active Federal service. It is applicable to soldiers in the Inactive National Guard and those on AGR status (Title 32).

b. This regulation does not apply to the following:

*          *          *
(3) Voting members of current selective retention boards. . . .

NGR 635-102 (emphasis in original).

Hanson asserts that based upon the above-quoted language, NGR 635-102 was inapplicable

---

102(1).

to him during the period he was serving as a voting member of the Lieutenant Colonel Board and that the Colonel Board's consideration of him for retention during this period was without regulatory authority and, thus, invalid.  Hanson, therefore, moves the Court to direct defendant to reinstate him with retirement points and to preclude his consideration by a selective retention board for at least one year.

Defendant asserts that NGR 635-102 was applicable to Hanson while he was serving as a voting member of the Lieutenant Colonel Board and that the decision not to retain him was valid. Defendant further asserts that his interpretation of NGR 635-102 should be given "substantial deference."

> An agency's interpretation of its own regulations should be upheld unless it is plainly erroneous or inconsistent with the regulation. Accordingly, the courts must defer to an agency's interpretation unless an alternative reading is compelled by the plain language of the regulation or by other indications of the agency's intent at the time the regulation is promulgated.

*Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1261 (10th Cir. 2004) (internal citations omitted).

Having carefully reviewed NGR 635-102, the Court finds that it is unable to sustain defendant's reading of this regulation and that an alternative interpretation is compelled by the plain language of the regulation.  Specifically, the Court finds that the language of the applicability provision of NGR 635-102 is plain, simple, and easily understood – if an officer is a voting member of a (any) current selective retention board, NGR 635-102 does not apply to him.  The Court further finds that defendant's interpretation of NGR 635-102 "conflicts with a common-sense reading of the language." *Id.*

Defendant additionally asserts that the applicability provision of NGR 635-102 is merely a preamble or preface to the regulation and that the language in the body of the regulation should

control. Defendant contends that the language in the body of the regulation does not contain the exemption upon which Hanson relies and, in fact, expressly provides that all officers with twenty years of qualifying service will be considered for non-retention.

Having carefully reviewed NGR 635-102, the Court finds that the applicability provision may properly be considered by this Court. The Court further finds that the exemption set forth in the applicability provision, while not set forth in the "body" of the regulation, does not contradict, but is compatible with, the language in the body of the regulation. Specifically, while the regulation requires all officers and warrant officers who accrue twenty or more years of qualifying service to be considered for non-retention the year immediately following the accrual of their twenty years of service, subsequent to this initial consideration, these officers and warrant officers may be considered either annually or biennially. NGR 635-102(4)(a),(b). Further, the regulation precludes any member of a selective retention board from serving on consecutive boards. NGR 635-102(8)(a)(3). In light of these provisions, the Court finds that the exemption for voting members of selective retention boards is clearly compatible with the language in the body of the regulation.

Finally, defendant asserts that the exemption in the applicability provision only applies to situations where a selective retention board is considering one of its own members for retention.[2] Having reviewed NGR 635-102, and particularly the provisions regarding the composition of selective retention boards, the Court finds that this interpretation of the exemption is implausible. All members of a selective retention board "must be of equal or higher grade and, except for the Active Army member(s), must be senior in date of rank to each officer" considered by the board.

---

[2]In his response to the motion for summary judgment, defendant also reasserts the justiciability arguments he made in his motion to dismiss. For the reasons set forth in the Court's order denying defendant's motion to dismiss, the Court finds that this case is justiciable.

NGR 635-102(a)(1),(2).  Thus, it is impossible for a selective retention board to consider one of its own members for non-retention.  Further, the Court finds that defendant could easily have drafted language to achieve the result which defendant now advocates but did not do so.  The Court "cannot torture the language" to reach the result defendant wishes.  *Aspenwood*, 355 F.3d at 1261.

Accordingly, the Court finds that NGR 635-102 does not apply to voting members of current selective retention boards.  The Court further finds that because Hanson was a voting member of the Lieutenant Colonel Board, NGR 635-102 was inapplicable to him while he was serving on this board.  The Court, therefore, finds that it was improper for the Colonel Board to consider Hanson for non-retention while he was serving on the Lieutenant Colonel Board and that the decision not to retain Hanson is invalid.  Accordingly, the Court finds that Hanson is entitled to summary judgment and to be reinstated into the Oklahoma Army National Guard with any applicable retirement points.[3]

---

[3] Hanson also requests the Court to prevent defendant from requiring Hanson to undergo a selective retention board for at least one year from the date of his reinstatement.  Hanson, however, provides the Court with no authority or basis for this request.  Having carefully considered this matter, the Court declines to grant this request.

III.   Conclusion

For the reasons set forth above, the Court GRANTS Hanson's Motion for Summary Judgment [docket no. 37] and ORDERS defendant to reinstate Hanson into the Oklahoma Army National Guard with any applicable retirement points.

**IT IS SO ORDERED this 13th day of March, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE