IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC A. HANSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-486-M |
| ) | |
| MAJOR GENERAL HARRY M. ) | |
| WYATT III, in his official capacity as ) | |
| The Adjutant General, State of Oklahoma, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is plaintiff's Motion for Attorney Fees, filed March 27, 2006. On April 12, 2006, defendant filed his objection, and on May 8, 2006, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff was a Colonel in the Oklahoma Army National Guard. In April, 2003, Hanson was appointed to serve as a voting member of one of the selective retention boards. On April 16, 2003, Hanson was issued notice from a different selective retention board that he was not being retained. On May 2, 2005, Hanson filed the instant action alleging that defendant failed to comply with National Guard Regulation 635-102 when Hanson was considered by a selective retention board while he was serving as a voting member of another selective retention board and seeking a declaratory judgment and an injunction. On March 13, 2006, this Court granted plaintiff's motion for summary judgment and ordered defendant to reinstate plaintiff into the Oklahoma Army National Guard with any applicable retirement points. Plaintiff now moves this Court for an award of attorney's fees.

"'In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1237 (10th Cir. 1999)

(quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). However, if a statute expressly provides for fee shifting, a prevailing litigant may be entitled to an award of attorney's fees. *Bennett*, 189 F.3d at 1238.

In his motion, plaintiff contends that the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, allows for an award of attorney's fees in this case. Section 2412 provides, in pertinent part:

> (b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or <u>against the United States or any agency or any official of the United States acting in his or her official capacity</u> in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.
>
> *          *          *
>
> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or <u>against the United States</u> in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(b),(d)(1)(A) (emphasis added).

Based upon the hybrid federal/state nature of the Army National Guard, plaintiff contends that defendant is an agent of the United States and that attorney's fees may, therefore, be awarded under the EAJA. Plaintiff, however, cites to no cases, and the Court has found none, which award attorney's fees under the EAJA in circumstances similar to the case at bar. In the only case cited by plaintiff regarding an award of attorney's fees, *Johnson v. United States*, 16 Cl. Ct. 321 (1989),

the United States was actually a party to the case and did not contest its liability for attorney's fees. Additionally, the remaining cases cited by plaintiff in support of his position that defendant, the Adjutant General of the Oklahoma Army National Guard, is an agent of the United States all involved plaintiffs who were federal civilian employees whom the adjutant general administered.[1]

Having carefully reviewed the parties' submissions, the provisions of the EAJA, and the case law, the Court finds that plaintiff is not entitled to an award of attorney's fees.  Specifically, the Court finds that the EAJA provides no express statutory authority for an award of attorney's fees under the circumstances of this case.  The Court, therefore, finds that the general rule that attorney's fees may not be awarded applies in this case.

Accordingly, the Court DENIES plaintiff's Motion for Attorney Fees [docket no. 66].[2]

**IT IS SO ORDERED this 19th day of May, 2006.**



VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1]In all of the cases, the courts relied upon the fact that the adjutant general administered federal personnel when finding that the adjutant general was an agent of the United States. *See Costner v. Okla. Army Nat'l Guard*, 833 F.2d 905, 907 (10th Cir. 1987); *NeSmith v. Fulton*, 615 F.2d 196, 199 (5th Cir. 1980); *Witter v. Pa. Nat'l Guard*, 462 F. Supp. 299, 306 (E.D. Pa. 1978).  In the case at bar, plaintiff is not a federal civilian employee.

[2]In his response, defendant requests the Court to stay this Court's judgment and any costs associated with that judgment pending appeal.  Local Civil Rule 7.2(c) provides, in pertinent part: "A response to a motion may not also include a motion or a cross-motion made by the responding party.  All motions must be separate filings."  The Court, accordingly, declines to address defendant's motion for a stay pending appeal.